UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SAMUEL VANDE-BRAKE,

    Plaintiff,

v.                                CAUSE NO. 3:21-CV-740-DRL-MGG

HICKS *et al.*,

    Defendants.

## OPINION AND ORDER

Samuel Vande-Brake, a prisoner without a lawyer, filed a complaint with unrelated claims. ECF 3. He was granted leave to file an amended complaint with related claims and cautioned if he did not respond by February 25, 2022, the court would select one claim and dismiss any claims unrelated to it. ECF 6. The deadline passed, and he did not respond. The court will now "solve the problem by [picking a claim and] dismissing the excess defendants under Fed. R. Civ. P. 21." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

The complaint contains law library claims and food service claims. ECF 3. The court will keep the law library claims in this case and dismiss the food service claims and defendant for three reasons. First, the amended complaint starts with the law library claims. Second, it spends more space addressing the law library claims. Third, all of the food service claims are against unnamed Aramark Food Service Supervisors – only the law library claims identify defendants by name: Hicks and Torres. *See Wudtke v. Davel*,

128 F.3d 1057, 1060 (7th Cir. 1997) ("it is pointless to include lists of anonymous defendants in federal court").

Mr. Vande-Brake alleges he was unable to retrieve his legal paperwork from the "print now" computer. He alleges there is no law librarian regularly assigned to his prison. He alleges there is no law library in his prison and he is unable to get legal forms. There is no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "[O]nly if the defendants' conduct prejudices a potentially meritorious [claim] has the right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Here, there is no allegation of a potentially meritorious claim that has been prejudiced, so these allegations do not state a claim, but Mr. Vande-Brake will be allowed to replead if he has additional facts which he believes will do so.

Mr. Vande-Brake alleges he is being denied equal protection because he is housed in a level one prison and inmates in a higher security prison have access to a law library, law librarians, and legal forms. The complaint does not allege Mr. Vande-Brake is being denied law library services because he is a member of a protected class. "Where disparate treatment is not based on a suspect class and does not affect a fundamental right, prison administrators may treat inmates differently as long as the unequal treatment is rationally related to a legitimate penological interest. Prison classifications are presumed to be rational and will be upheld if any justification for them can be conceived." *Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016) (citations omitted). "To prevail under the rational basis standard, a plaintiff must prove that (1) the defendant intentionally treated him differently from others similarly situated, (2) the defendant intentionally treated him

differently because of his membership in the class to which he belonged, and (3) the difference in treatment was not rationally related to a legitimate state interest." *Reinebold v. Bruce*, 18 F.4th 922, 925 (7th Cir. 2021) (quotation marks omitted). "To be considered similarly situated, a plaintiff and his comparators (those alleged to have been treated more favorably) must be identical or directly comparable in all material respects. The similarly situated analysis is not a precise formula, but we have stated repeatedly that what is clear is that similarly situated individuals must be very similar indeed." *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010). "To be considered 'similarly situated,' comparators must be prima facie identical in all relevant respects or directly comparable to plaintiff in all material respects." *Racine Charter One, Inc. v. Racine Unified Sch. Dist.*, 424 F.3d 677, 680 (7th Cir. 2005) (quotation marks, citations, and brackets omitted). Here, Mr. Vande-Brake is not similarly situated with inmates in a different prison with a higher security level. However, even if he were, providing different services in different prisons with different security levels is not irrational. Federal courts must afford prison officials "wide-ranging deference" in the day-to-day operations of a prison. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). These allegations do not state a claim, and there is no basis for allowing Mr. Vande-Brake to replead them.

Mr. Vande-Brake alleges Mr. Hicks, Mrs. Torres, and the Grievance Officer will not respond to his grievances. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause[.]" *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[P]rison officials who reject prisoners' grievances do not become liable just because they fail to

3

ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017). These allegations do not state a claim and there is no basis for allowing Mr. Vande-Brake to replead them.

Finally, Mr. Vande-Brake alleges Mr. Hicks and Mrs. Torres retaliated against him for filing complaints about the lack of a law library and law librarian in his prison by not answering those grievances. "To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quotation marks omitted). As to the first prong, "a prison official may not retaliate against a prisoner because that prisoner filed a grievance." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). As to the third prong, if these defendants knew about the grievances, not responding was inherently motivated in part by their being filed. As to the second prong, courts "apply an objective test: whether the alleged conduct by the defendants would likely deter a person of ordinary firmness from continuing to engage in protected activity. *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quoting *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011)). "Whether retaliatory conduct is sufficiently severe to deter is generally a question of fact, but when the asserted injury is truly minimal, we can resolve the issue as a matter of law [because i]t would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise." *Douglas*

4

*v. Reeves*, 964 F.3d 643, 647 (7th Cir. 2020) (citation, quotation marks and ellipsis omitted). Here, the defendants are merely alleged to have not answered his grievances. It is doubtful that would dissuade anyone, but "[p]risoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse." *Douglas v. Reeves*, 964 F.3d 643, 648 (7th Cir. 2020). These allegations do not state a claim, and there is no basis for allowing Mr. Vande-Brake to replead them.

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Vande-Brake may file an amended complaint if he believes he can state a claim based on (and consistent with) his allegations that his prison law library is inadequate because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He must limit the claim in this complaint to his allegation that the prison law library is inadequate. He must name defendants and explain why each is personally liable for the inadequacy of the law library. After he properly completes the complaint form as instructed, he must send it to the clerk.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE the food service claims because they are unrelated to the law library claims that are being adjudicated in this case;

5

(2) DISMISSES WITH PREJUDICE all law library claims except his allegation that his law library is inadequate;

(3) DISMISSES Mr. Hicks, Mrs. Torres, Grievance Officer, All Law Library Supervisors, and All Aramark Food Service Supervisors;

(4) GRANTS Samuel Vande-Brake until **May 12, 2022**, to file an amended complaint raising only claims related to the inadequacy of the law library if he can provide additional facts based on (and consistent with) his allegations in the current complaint (ECF 3) which was submitted under penalty of perjury; and

(5) CAUTIONS Samuel Vande-Brake if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

April 11, 2022                      *s/ Damon R. Leichty*
                                                 Judge, United States District Court